Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

for the

Middle District of Pennsylvania ▾

Civil Division

Felicia M. Wallace, Pro Se, Litigant )
)
_____ )
**Plaintiff(s)** )
*(Write the full name of each plaintiff who is filing this complaint.* )
*If the names of all the plaintiffs cannot fit in the space above,* )
*please write "see attached" in the space and attach an additional* )
*page with the full list of names.)* )
**-v-** )
)
PA State Senate )
)
_____ )
**Defendant(s)** )
*(Write the full name of each defendant who is being sued. If the* )
*names of all the defendants cannot fit in the space above, please* )
*write "see attached" in the space and attach an additional page* )
*with the full list of names.)*

Case No.  1:24-CV-2181.

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)*  ☑ Yes  ☐ No

## FILED
HARRISBURG, PA

DEC 17 2024

PER _____
DEPUTY CLERK

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

**I.  The Parties to This Complaint**

   **A.  The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Felicia M. Wallace |
| Street Address | 11810 White Pine Dr. |
| City and County | Hagerstown, (Washington County) |
| State and Zip Code | Maryland, 21740 |
| Telephone Number | 301-582-8539 |
| E-mail Address | feliciawallace@inspiredbyhim.com |

   **B.  The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Pennsylvania State Senate |
| Job or Title *(if known)* | Chief Clerk |
| Street Address | 104 North Office Building |
| City and County | Harrisburg (Dauphin) |
| State and Zip Code | Pennsylvania, 17120 |
| Telephone Number | (717) 772-3310 |
| E-mail Address *(if known)* | ddinnocenzo@occ.pasen.gov |

Defendant No. 2

| | |
|---|---|
| Name | Pennsylvania State Senate |
| Job or Title *(if known)* | Secretary and Parliamentarian of the Senate |
| Street Address | 501 N. Third, Main Capitol, Room 462 |
| City and County | Harrisburg (Dauphin) |
| State and Zip Code | Pennsylvania, 17120 |
| Telephone Number | (717) 787-5920 |
| E-mail Address *(if known)* | mgerdes@os.pasen.gov |

Defendant No. 3

| | |
|---|---|
| Name | Pennsylvania State Senate |
| Job or Title *(if known)* | McNees, Wallace, & Nurick, LLC - (Attorney of Record) |
| Street Address | 100 S. Pine Street |
| City and County | Harrisburg (Dauphin) |
| State and Zip Code | Pennsylvania, 17101 |
| Telephone Number | (717) 232-8000 |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | Pennsylvania State Senate |
| Job or Title *(if known)* | Pennsylvania Attorney General - (Notification) |
| Street Address | 393 Walnut Street, 16th Floor |
| City and County | Harrisburg, (Dauphin) |
| State and Zip Code | Pennsylvania 17120 |
| Telephone Number | (717) 787-3391 |
| E-mail Address *(if known)* | |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### C.     Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Pennsylvania State Senate |
| Street Address | 501 N. Third Street |
| City and County | Harrisburg (Dauphin) |
| State and Zip Code | Pennsylvania, 17120 |
| Telephone Number | (717) 772-3310 |

## II.     Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑     Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑     Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐     Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐     Other federal law *(specify the federal law)*:

☐     Relevant state law *(specify, if known)*:

☐     Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III.   Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.   The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☑ Failure to hire me.
- ☐ Termination of my employment.
- ☑ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☑ Unequal terms and conditions of my employment.
- ☑ Retaliation.
- ☑ Other acts *(specify)*:   Harassment, age discrimination

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.   It is my best recollection that the alleged discriminatory acts occurred on date(s)

Commenced in late October 20, 2023, intensified in Nov 2023, climaxed on March 12, 2024, continuous

C.   I believe that defendant(s) *(check one)*:

- ☑ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☑ race
- ☑ color
- ☐ gender/sex
- ☐ religion
- ☐ national origin
- ☑ age *(year of birth)*     1962     *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*

E.   The facts of my case are as follows.  Attach additional pages if needed.

## III.  Statement of Claim

### A.  The Discriminatory Conduct of which I complain:

1. **Failure to Hire** – Discrimination due to my filing an Equal Employment Opportunity Commission (EEOC) Complaint against the Pennsylvania State Senate. I continue to witness other white female applicants being hired within a short period of time in the secretarial pool for administrative positions and for legislative positions I had applied.  All have been filled by white female and male applicants.

2. **Unequal terms and conditions of my employment** – I have endured further discrimination as a result of the PA State Senate assigning me to the secretarial pool in March, 2024 resulting in the demotion of title, job duties and responsibilities; isolation (limited to no contact with constituents or the public I once served), drastic change in work schedule (loss of trade in time, work from home days, vacation schedule), unfair insinuations as to cause and the demotion to entry-level clerical assignments not compatible with my work experience or professional knowledge.

3. **Retaliation** –I have endured discrimination due to the PA State Senate's failure to assert, ensure accountability, protect and reiterate it's Prevention of Workplace Harassment – COMO Policy 1997:01. In October 2023,

I reported to the Republican Majority Staff Administrator the Abuse of
Managerial Authority under the guise of chain of command that resulted in
retaliation, a hostile work environment, harassment, and work interference;
to include the withholding of my annual review in November 2023. The on-
going hostility towards me for reporting the abuse culminated into a
stereotypical racial reprimand by Senator Doug Mastriano and the
subsequent slander of my professional and personal reputation.

4. **Harassment** – I experienced continuous harassment, due to authoritative
implications relative to reporting authority and workflow; from October
2023 – March 2024 at various times, by the district director, that impeded
scrutinized, and/or interfered with my work duties and responsibilities.

5. **Age Discrimination** – Since being assigned to the secretarial pool, which
occurred in March 2024, administrative jobs (several of which were jobs not
posted) have been filled by younger inexperienced white females, shortly
upon being hired; to include administrative position for Senators in
Leadership. In addition to my age, I am the only one of color in the
administrative secretarial pool.

## III.  Statement of Claim

### E. The Facts of My Case (continued)

1.      I, Plaintiff, Felicia M. Wallace, age 62, and to my knowledge the only

African American female, employed by the PA State Senate (Republican

Caucus) file this complaint of Employment Discrimination against my

employer, the PA State Senate.   I have a **documented exemplary** work history

at the executive level; that include reporting directly to and/or working with

chief executive officers, vice presidents, board of directors, general managers,

legislators, and public officials at the national, state, and local level to include

grassroots, over the span of my entire career of more than 30 years.  Yet I have

been reassigned to a secretarial pool resulting in a demotion in job duties, title,

and responsibilities, penalized unduly, isolated and degraded relative to terms,

conditions, location, and privileges of employment.

   In addition, I have had to endure silent and calculated retaliation,

harassment, discrimination, to include perceived age discrimination, unfair

insinuations, ridiculed, the withholding of my annual review, and the slander of

my personal character and professional reputation.

2.      These actions have been without cause on my part, as to date, I have not ever

received, nor been made privy to, or notified of any warnings, write-ups, or any

other form of punitive disciplinary action from the PA State Senate concerning my employment and work performance.

3.     I was initially hired by the PA State Senate on March 22, 2021, as a Field Representative/Legislative Assistant, and worked in the 33rd Republican Chambersburg's District office. A seat currently held by Senator Doug Mastriano. In November, 2021, the Senator offered and I accepted the position of Executive Assistant/Legislative Assistant in the Harrisburg office.

4.     On July 21, 2024, I filed a Charge of Discrimination with the (EEOC) against my employer the Pennsylvania State Senate due to a violation of my federal and state employee rights.

5.     The EEOC Charge was filed following a formal grievance complaint with my employer, the PA State Senate on March 17, 2024 in accordance with its Workplace Harassment Policy to no avail. I sought redress for the on-going harassment, retaliation, hostility, and deliberate work interference; that commenced in late October 2023, intensified in November, 2023 and climaxed into a stereotypical racial reprimand by Senator Doug Mastriano, on March 12, 2024.

6.    The retaliation was the result of my reporting to the Senate Republican Majority Staff Administrator, the Abuse of Managerial Authority Under the Guise of Chain of Command, that included out of scope job duties and responsibilities, abusive work practices, and the direct violation of the PA State Senate Workplace Harassment Policy, by his then Chief of Staff (COS), also an attorney, and the then recently hired district director.

7.    The catalyst of this matter was the abuse of an employee's rights and property that occurred at the hands of the district director on October 20, 2023 and the subsequent retaliatory actions of the COS and district director against the employee that occurred on October 26, 2023 prompting me and three of my other co-workers to come together in solidarity, reaching out to the Senate Republican Majority Staff Administrator on October 27, 2023. To the best of my knowledge, I am the only employee who has been a recipient of any retaliatory behavior. I am the only person of color involved with this issue.

8.    It should also be noted that the majority staff administrator was made aware of the matter on October 23, 2023 prior to the retaliatory actions of October 26, 2023. She also advised that the Senator had been informed, then reassured me that as Senate employees, we do have recourse through her office when there is

an issue **within the Chain of Command** and reiterated that we had handled the reporting of the matter properly.

9.  Following my speaking with the majority staff administrator, concerning the October 20, 2023 incident, on or about October 23, 2023 the COS called a meeting with me. The district director was also present. During the meeting with the COS, I felt pressured to admit I had committed a scheduling error involving a SKYPE radio interview with the Senator.

The COS stated, "Even if we didn't do something, because we serve at the pleasure of the Senator, we should just admit the mistake, appease the Senator and move on." I held my ground and steadfastly refused. There was no scheduling error committed on my part which was later confirmed and documented by the station's political director. I sent the confirmation of the same to the Senator and COS, neither replied.

10.  **From late October 2023 to mid November 2023** I began to share other employee concerns with the majority staff administrator, regarding the unlawful job duties and responsibilities being assigned to staff, and the heighten safety and security for the Senator and his wife; that were well out of the scope of our job duties, and outside of the Senate Sergeant-At-Arms and the Capitol Police protocols:

a. **On November 2nd** – I forwarded to majority staff administrator an email staff received from the COS requesting staff to watch a 55-minute video on **Executive Protection Training**, requiring more heightened security responsibilities for the Senator and his wife.

b. **On November 8th** – I reached out to the majority staff administrator regarding the apparent **"implied authority"** of the district director relative to the Harrisburg staff. No change of reporting authority had been communicated. Yet, authoritative implication through various actions impeded and/or interfered with my work duties and responsibilities.

c. **On November 10th** - I contacted the majority staff administrator regarding a Teams meeting whereby staff was advised by the COS that the Senator must **have two "Handlers"** with him at all times. Staff was referred to as "Residential Bodyguards. The Majority Staff Administrator replied she would address the issue with the Senator.

d. **On November 11th** – I forwarded communication I received from my co-worker whom I had support to majority staff administrator stating she was "worried" about speaking with me about the Senator's newsletter because the COS was in the office.

e. **On November 13th** – I reported to the majority staff administrator that an employee assigned the role of "Handler" for the Senator by the district director, had his "conceal and carry" weapon on his person in the Capitol Building.

f. **On November 15th** – I received a message from the majority staff administrator requesting a meeting to further discuss, the incident of November 13th. We met in her office; I explained what happened as we attempted to enter the guard screening area of the Senate Chamber.

The co-worker from the district office upon seeing the screening area immediately stated he forgot something. Once we were back in the office, he removed his gun and placed it in his computer carrying case. I then advised the co-worker that weapons were not allowed in the building or on our person and must be checked with the Capitol Police before entering.

g.  The Legislative Director asked me to forward a picture he obtained of the COS posting on his campaign page during Senate time to the majority staff administrator.

h.  **On November 16th** the COS abruptly resigned, and those of us who had reached out to the Majority Staff Administrator were informed there would be re-training of the district director.

i.  **On November 21st** the Senator forwarded an email to staff indicating he has an "Open Door Policy" – all issues should be addressed **internally** using the chain of command and the District Director would be running our weekly Teams meetings.

11. Following the COS resignation, the Senator for the most part, ceased verbal communications with me making it more difficult to perform my job duties and responsibilities. The district director's role was elevated, although there was no formal Human Resource change or notification regarding my reporting authority.

12. Thus, working under the implied inferences of authority created a hostile work environment as the district director, disrupted, scrutinized, and interfered

with my workflow and duties. One inquiry from the district director was dated

in 2016, five years prior, I started with the PA State Senate in 2021.

13. On November 16, 2022, the Senator wrote on my annual review: "Felicia

continuously exceeds as a member of my team. She is hard working, dedicated

and always get the mission done. Well Done!"

14. Yet, without cause, the PA State Senate withheld my annual review in

November 2023, as previously noted in (Facts of My Case, paragraph 2.)

15. The hostile working environment continued through March 2024.

16. On March 12, 2024, I texted the Senator his confirmed of afternoon

appointments in Harrisburg. His first appointment was scheduled for 12:30 pm.

- 12:03 pm the Senator texted me with a message that he was running
  late. I replied "How late Sir, any idea?" He did not respond. I
  immediately began reaching out to waiting constituents via text
  messaging to advise accordingly.


- 12:35 pm I observed the Senator was in his parking space and
  remained seated in the car. His 12:30 appointment was waiting and he
  was due to speak to a homeschoolers group at 1:00 pm. I texted my
  homeschooler contact to advise that the Senator was running late.

- 2:45 pm the Senator came into the office, greeted his first appointment, left the office with the constituent, did not say where he was headed or if he would go directly to his next appointment.

- 12:58 pm I got a text message from homeschooler contact asking if the Senator had arrived, I texted back he is close, she texted back, "No worries, I will stall."

- Approximately1:05 pm the Senator returned to the office and we headed to the East Wing, I then briefed him on the other appointments and the tight schedule that included a Zoom call with doctors in different time zones.

- 1:20 pm the Senator had given his speech. The Senator continued conversing with constituents when other scheduled appointments are waiting.

- From approximately 1:45 pm – 2:05 pm the Senator, took constituents (unscheduled) to the Senate floor to take pictures seated at his desk, even though I had advised him per the Chief Clerk's office the Senate floor was closed due to maintenance.

- 2:15 I texted the doctor on the Zoom call meeting to inform her the Senator was running late.

- The Senator had advised the homeschooler constituents in the waiting area to head into his office. When the constituents came in, I was already seated at the conference table powering up my laptop to be

ready to just hit "Join," and be on the Zoom call as soon as time would allow.

- At approximately 2:10 pm – the Senator returned to his office. I was seated in a side chair with the constituents at the conference table. My computer was powered-up for the Zoom meeting which had been scheduled to start at 2:15 pm.

- The Senator said to the constituents "Let's go where we can find a place for all of us to sit." Normal office procedure during the three years I have worked for the Senator would be to come in, greet constituents, go to his Chair which was behind his desk (and open) and start the meeting.

- The constituents, the Senator, and myself all walked across the hall to the Senate library, where he directed us to sit at the table. I was seated on a bench behind the table.

- At approximately 2:20 pm he said, "I have a map in my office, let's go back there so we can strategize." We headed back to the office.

- When we got back in his office, he said to me, "I don't need you in here, you can leave."

- At approximately 2:35 pm after conversing with co-workers concerning a time reminder for the Zoom meeting , I knocked on the door to remind the Senator of the awaiting call. He did not acknowledge I had opened the door.

- At 2:40 pm I asked a co-worker to text the Senator a reminder about the Zoom call, a few minutes later the meeting with the homeschoolers constituents concluded.

- At approximately 2:44 pm. I rushed to my laptop still on the conference table as the Legislative Director and I was scheduled to join him on the call. The Senator was at his desk signing on to his computer. I asked. "Sir, are you going to take the Zoom from your desk?" He answered, "Yes, I need the link for the meeting." I went to my desk computer to email him the link. After I gave him the link, he said,

- "You will not be joining me on this call, you can leave." So I proceeded to take my laptop to leave, he stated, "When I came in here, you just sat there, I had nowhere to sit. There is a protocol here. You were supposed to get up and give me your seat. Your behavior was unacceptable." I could only answer "What" and he said again, "You can leave."

17. This was a first, and ironically, a protocol not followed the day before on March 11, 2024 when the district staff was in his office with the Holocaust Survivor **(the keynote speaker)** with other guests seated at the same conference table. The Senator and his wife walked in. The Senator walked to his desk Chair as has always been his practice. Staff was already engaged at his conference table with the Holocaust Survivor prior to the Senator arriving. Not one of my white co-workers moved from their seats when the Senator walked into the room.

18. Senator Mastriano, is a Historian, with a PhD in History, and has been on the forefront as of late, speaking out against Anti-Semitism. There are historical

stereotypical discriminatory precedents to his words spoken and actions towards me on March 12, 2024.

19.    I reported the Senator's actions towards me to the majority staff administrator on the late afternoon of March 12, 2024. I inquired about the protocol the Senator mentioned; she stated there was no such protocol in human resources regulations in regard to seating in a legislator's office. She advised me, to take a few days off, to think about things and what I wanted to do. She stated I have options and said she would speak to the Senator and advise him that I would not be coming in for work the following day. She would follow-up with me on Thursday, March 14th.

20.    On March 14th majority staff administrator called me inquiring of my decision. She stated she felt it was best I cut ties, as she did not think things would get any better for me if I stayed. She stated she could move me to the administrative area, and that I would not lose anything that she felt it was best to get me out of that "toxic environment." No option other than the reassignment to the administrative area was offered; therefore I accepted it even though I was unfamiliar with the role. She stated that I could consider filing a formal complaint.

21.    On March 15, 2024, Senator Mastriano held a district staff meeting and

announced to my former co-workers, he, "Fired Felicia"

22.    The false and misleading declaration from Senator Mastriano), has been

repeated well beyond the district office, and has caused me irreversible

professional and personal harm.  As my work with constituents, grassroots

organizations, other legislators and their staff, public officials, distinguished

guests and speakers, media contacts, was well known across the

Commonwealth and beyond.

23.    On March 17, 2024, I filed a formal grievance with the PA State Senate,

seeking redress and an explanation regarding the senatorial protocol I was

accused of violating.

24.    In late March 2024, I applied for a (posted) executive assistant position.

Another co-worker from the pool was hired, yet it did not work out and she

came back to the administrative area.  The next day the director of

administrative services assigned a white female to that office for a few weeks,

the job was never re-posted.  After several weeks the co-worker came in to clear

her desk and said she got the job.

25.    In April, 2024 another white female was hired in the administrative area, she

was given a long-term assignment in the Senate Pro-Tempore's office and was

hired permanently in the fall.  The position in the Pro-Tempore's office had not

been posted for application by human resources.  The employee's name was

just removed from the administrative staff.

26.    The week of Session, May 6, 2024. I was assigned to a senator in leadership

office given it was anticipated to be a tough week. The senator was well-

pleased with my work and presented me with a large bouquet of flowers and

note.  I was aware she was seeking an Executive Assistant; but was waiting on

the job posting to formally apply.  The director of administrative services asked

if I might be interested I told her I was waiting on the job posting, when she

inquired of my interest.  I also forwarded by resume, I received no-feedback.

Three days later she assigned another white female on a 19-day assignment in

the office I had worked in and she was hired.  The job was never posted and the

co-worker hired had previously joined the administrative area from the senate

page services.

27.    On May 17, 2024 a report concerning my complaint was given to the Senate

President Pro Tempore, the Republican Majority Leader, and the Minority

Democratic Leader, who concluded there was not sufficient evidence that the

Workplace Harassment Policy was violated.  I received notification of their

decision on May 28, 2024.

28.    On May 28, 2024, upon receiving the decision of the PA State Senate, I

requested to speak with the Chief Clerk.  Instead a meeting was scheduled for

that afternoon with the Majority Staff Leader and Republican Senate Counsel.

29.    I recapped the meeting on May 29, 2024 acknowledging the closure of the

Senate investigation, and confirming that there was no formal policy

explanation regarding the senatorial protocol I am accused of violating; that the

investigation was confidential and the findings not privy; I inquired again

concerning my November 2023 annual review; confirmed that my title changed

from Executive Assistant to Administrative Assistant, and that I can apply for

other Senate positions of which I am qualified as openings become available.

30.    The response I received from the majority staff administrator was "Your

summary was adequate, and we are looking into your anniversary concern.

Please know we try to stay on top of the notifications, but delays do happen."

Yet, the co-worker whom I supported was given her November review and

received a substantial increase the evening before PA State Senate attorneys

interviewed her concerning my formal grievance of March 17, 2024 which occurred in the spring of 2024.

31.    On July 9, 2024 I received an email from the director of administrative services advising me of a 4.73 % pay increase effective June 13, 2025 with a new anniversary date of June 2025, and thanking me or doing a great job! There was no formal meeting or human resources form, just the email.  The increase was not retroactive from November 2023.

32.    On July 21, 2024, I filed a Charge of Discrimination with the (EEOC) against the PA State Senate.

33.    I have diligently applied for Executive Assistant and Legislative positions since from late March 2024 to November with exceptional letters of references, from other legislators, leaders, county officials, and constituents, I have provided work samples all to no avail.

34.    Positions I have applied for since the discussion with the majority staff administrator on March 14, 2024 and the only option offered that resulted in my being reassigned to the administrative secretarial pool; has included a formal written request and submission of my credentials to human resources.

35.    I have discovered the positions I have been applying for are non-existent if you are a minority as there is no hiring precedent for people of color and diversity is lacking.  My qualifications and work knowledge, with exceptional references did not render me a second interview.    Each year senate employees are required to review Ethical Conduct Rules of the Senate and Workplace Harassment. Yet, the PA State Senate failed to address the reported abuse of power under the guise of Chain of Command and Managerial Authority by its member, Senator Doug Mastriano, the then and now former COS, and district director.

36.    The PA State Senate's failure to assert, ensure accountability, protect, and reiterate the Ethical Conduct Rules of the Senate, in fact, gave credence to the mounting on-going harassment, retaliation, and hostility, towards me stemming from the initial call I received in late October 2023.  Thus, violating my federal and state rights as an employee and creating a hostile work environment for me. The Senator, his then COS, and district director intentionally interfered with my work performance, used belittling tactics of intimidation that were hostile, abusive, and offensive with the Senator underscoring the afternoon of March 12, 2024 with a stereotypical racial discriminatory reprimand.

37.    The Senator's slanderous firing announcement against me, on March 15,

2024 and the PA State Senate's failure to give me proper redress, has most

certainly impeded my gaining other employment opportunities within the PA

State Senate, and beyond.  My professional and personal credibility and

reputation have suffered permanent harm; my retirement path has been unfairly

disrupted, and my ability to sustain affordable health insurance coverage is a

plausible concern given my age.

Further, the PA State Senate's inequitable discriminatory hiring practices, I

have witnessed and experienced subsequently to this entire ordeal, have added

insult to injury.  I have been humiliated, and degraded by a selection process in

trying to re-gain a comparable professional position, thereby causing me

extreme emotional distress, embarrassment, anxiety, and many sleepless nights

relative to my future moving forward at this crucial stage in my work career.

38.    Upon the closure of its investigation of my Charge of Discrimination

against the PA State Senate, the EEOC issued a **Determination and Notice of

Your Right to Sue**, On November 20, 2024, therein attached.

1) I, Plaintiff, Felicia M. Wallace, age 62, and to my knowledge the only African American female, employed by the PA State Senate (Republican Caucus) file this complaint of Employment Discrimination against my employer, the PA State Senate. I have a documented exemplary work history at the executive level; that include reporting directly to and/or working with chief executive officers, vice presidents, board of directors, general managers, legislators, and public officials at the national, state, and local level to include grassroots, over the span of my entire career of more than 30 years. (continued per attachment).

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.    Exhaustion of Federal Administrative Remedies

A.      It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

July 21, 2024

B.      The Equal Employment Opportunity Commission *(check one)*:

☐       has not issued a Notice of Right to Sue letter.

☑       issued a Notice of Right to Sue letter, which I received on *(date)*    11/20/2024            .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.      Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐       60 days or more have elapsed.

☐       less than 60 days have elapsed.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

A Prayer for Relief - WHEREFORE, the Plaintiff requests that the Court award her:
(a) $300,000 in compensatory damages suffered because of retaliation and discrimination
(b) Front pay of $558,000 (includes pay increases and continued benefits) based upon my current salary and what
 I would have received over the next 5 years from the PA State Senate but for the retaliatory/discriminatory
treatment. My full retirement age is 67.
(c) A formal apology from the PA State Senate for its failure to protect my federal and state employee rights.
(d) An injunction barring any further slanderous remarks, or retaliation or harassment actions against me by
Senator Doug Mastriano or his staff.  (e) other damages and further relief as deemed just.

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        12/17/2024

Signature of Plaintiff

Printed Name of Plaintiff        Felicia M. Wallace

### B.   For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address