## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FELICIA M. WALLACE,
　　　　　*Plaintiff,*

　　　*v.*

PENNSYLVANIA STATE SENATE,
　　　　　*Defendant.*

Civil Action No. 1:24-cv-02181

(Magistrate Judge William I. Arbuckle)

---

### DEFENDANT PENNSYLVANIA STATE SENATE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

---

Defendant, Pennsylvania State Senate ("PA Senate"), by and through its undersigned attorneys, hereby answers the Complaint for Employment Discrimination ("Complaint") filed by Plaintiff, Felicia M. Wallace ("Plaintiff"), as follows:

## I.    The Parties to This Complaint

A.    Admitted upon information and belief.

B.    Admitted in part and denied in part. It is admitted that the Pennsylvania State Senate is the Defendant. It is denied that "Defendant No. 1" listed as Pennsylvania State Senate, Chief Clerk; "Defendant No. 2" listed as Pennsylvania State Senate, Secretary and Parliamentarian of the Senate; "Defendant No. 3" listed as Pennsylvania State Senate, McNees Wallace & Nurick, LLC - (Attorney of Record); and "Defendant No. 4"

listed as the Pennsylvania State Senate, Pennsylvania Attorney General

- (Notification) are or should be named defendants.

C.     Admitted in part; denied in part. It is denied that the telephone number

for the Pennsylvania State Senate is (717) 772-3310. By way of further

answer, the telephone number for the Pennsylvania State Senate is

(717) 787-6063.  It is admitted that the address for the PA Senate is 501

N. Third Street, Harrisburg, Pennsylvania.

## II.     Basis for Jurisdiction

Admitted in part; denied in part. This section sets forth legal conclusions to

which no response is required. It is admitted only that this Court is an appropriate

venue for Plaintiff's alleged claims pursuant to Title VII of the Civil Rights Act of

1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 and the Age Discrimination in

Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

## III.     Statement of Claim (Doc. 1, page 4 of 25)

A.     Denied. This paragraph contains conclusions of law to which no

response is required. To the extent it may be deemed factual, it is denied.

B.     Denied.

C.     Denied.

D.     Denied. This paragraph contains conclusions of law to which no

response is required. To the extent it may be deemed factual, it is denied.

E.    [Blank] No response is required.

## III.    Statement of Claim (Doc. 1, page 5 of 25)

### A.    Alleged Discriminatory Conduct:

1.    Admitted in part; denied in part. It is admitted only that Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") Complaint. It is denied that Plaintiff was not hired for administrative and legislative secretarial positions as a result of her EEOC complaint. The remainder of this paragraph is denied. By way of further answer, PA Senate fills its administrative and legislative secretarial vacancies with the most qualified applicants and Plaintiff was not the most qualified candidate for the positions to which she applied. Plaintiff's selection or non-selection is a result of the independent determinations of the appropriate qualifications of potential hires by the hiring PA Senate Member's office.

2.    Denied. Plaintiff voluntarily accepted a lateral transfer to the Administrative Services Office as an Administrative Assistant in March 2024 that came with no change in benefits and resulted in a salary increase shortly after her transfer.

3.    Denied. This numbered paragraph contains conclusions of law to which no response is required. To the extent they may be deemed factual, they are denied. It is further denied that Plaintiff's annual review was withheld or that she experienced a racial reprimand. By way of further answer, Plaintiff continuously

sowed conflict in the office, was insubordinate, and undermined the authority of her supervisors. As a result, Plaintiff's annual wage increase was deferred to allow her time to demonstrate improvement, which did not occur until after her transfer to Administrative Services.

4.      Denied. This numbered paragraph contains conclusions of law to which no response is required. To the extent they may be deemed factual, they are denied.

5.      Denied. By way of further answer, Plaintiff voluntarily transferred to the Administrative Services Office as an Administrative Assistant in March 2024. Plaintiff has been given the same opportunities and consideration to apply for open positions within the PA Senate, Republican Caucus as have all other interested employees. Plaintiff's selection or non-selection is a result of the independent determinations of appropriate qualifications of potential hires by the hiring PA Senate Member's office.

## III.    Statement of Claim (Doc. 1, page 7 of 25)

## E.    Facts (continued)

1.      Admitted in part; denied in part. It is admitted upon information and belief that Plaintiff, Felicia M. Wallace is 62 years of age and an African American female. It is further admitted that Plaintiff is employed by the PA State Senate Republican Caucus. PA Senate is without sufficient information to form a belief as to whether Plaintiff has a documented exemplary work history at the executive level

over the span of her entire career of more than 30 years; therefore, the same is denied. It is further denied that Plaintiff was reassigned to a secretarial pool resulting in a demotion in job duties, title, and responsibilities, penalized unduly, isolated and degraded relative to terms, conditions, location, and privileges of employment. To the contrary, Plaintiff voluntarily transferred to the Administrative Assistant position in March 2024 with no changes to the terms and conditions of her employment, which did result in an increase in pay.

The remainder of this numbered paragraph contains conclusions of law to which no response is required. To the extent they may be deemed factual; they are denied.

2.    Denied. It is denied that Plaintiff was reassigned and demoted as a result of actions not caused by Plaintiff. To the contrary, as a result of office conflict created by Plaintiff's insubordination and Plaintiff undermining the authority of her supervisors, Plaintiff voluntarily transferred to the Administrative Assistant position with no changes in the terms and conditions of her employment, but which did result in an increase in pay.

3.    Denied as stated. Plaintiff was initially hired on March 22, 2021, as a Field Representative and assigned to the Senator Doug Mastriano's District Office in Chambersburg, Pennsylvania. On March 31, 2021, Plaintiff's title changed to Field Representative/Legislative Assistant. On November 4, 2021, Plaintiff

voluntarily accepted reassignment to Senator Mastriano's Harrisburg Office with a title change to Executive Secretary.

4.     Admitted in part; denied in part. It is denied that PA Senate has violated Plaintiff's rights pursuant to federal or state law.

5.     Admitted in part; denied in part. It is admitted that Plaintiff made a complaint pursuant to PA Senate's Workplace Harassment Policy on or about March 17, 2024. By way of further answer, that complaint was promptly and thoroughly investigated.  It is further admitted that Plaintiff's EEOC Charge of Discrimination was filed following an investigation of her complaint. The remainder of this paragraph is denied.

6.     Denied. This numbered paragraph contains a conclusion of law to which no response is required. To the extent that it may be deemed factual, it is denied.

7.     Admitted in part; denied in part. It is denied that Plaintiff suffered an abuse of rights or property, or retaliation.  It is admitted upon information and belief that Plaintiff is the only person of color involved with the October 2023 incident in which Plaintiff inserted herself into a dispute among other PA Senate employees on matters that were outside of her job duties and responsibilities. The remainder of this numbered paragraph is denied.

8.    Admitted in part; denied in part. It is admitted that the Majority Staff Administrator spoke with numerous employees within Senator Mastriano's office regarding a variety of office issues in late October 2023, and that she also spoke with Senator Mastriano regarding same. By way of further answer, the Caucus Staff Administrator was also made aware of Plaintiff undermining her supervisor and acting insubordinate in November 2023. The remainder of this paragraph is denied.

9.    Admitted in part; denied in part. It is admitted that a meeting was called with Plaintiff as the result of Plaintiff committing a scheduling error involving a SKYPE radio interview with the Senator in late October 2023. It is further admitted that Plaintiff refused to acknowledge her error. The remainder of this paragraph is denied.

10.    Admitted in part; denied in part. It is admitted that Plaintiff shared concerns with the Majority Staff Administrator during the time-period late October 2023 to mid-November 2023. It is denied that Plaintiff's concerns amounted to unlawful job duties and responsibilities, however there were discussions about the appropriate scope of duties as compared to specific employee job descriptions. The remainder of this paragraph is denied.

a.    Denied. Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph, and same are therefore denied.

b.    Admitted in part; denied in part. It is admitted only that Plaintiff contacted the Majority Staff Administrator regarding perceived concerns. The remainder of this paragraph is denied.

c.    Admitted in part; denied in part. It is admitted that Plaintiff contacted the Majority Staff Administrator regarding perceived concerns about employee responsibilities for security of the Senator. It is further admitted that the Majority Staff Administrator addressed these concerns with the Senator. The remainder of this paragraph is denied.

d.    Denied. Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph, and same are therefore denied.

e.    Admitted in part; denied in part. It is admitted that Plaintiff reported to the Majority Staff Administrator that an employee was present in the Capitol Building with a concealed carry weapon on his person. The remainder of this paragraph is denied.

f.    Admitted in part; denied in part. It is admitted only that Plaintiff contacted the Majority Staff Administrator regarding concerns surrounding an employee believed to be carrying a firearm while in the Capitol building. The remainder of this paragraph is denied.

g.    Admitted.

    h.     Admitted in part, denied in part. It is admitted only that the Chief of Staff resigned in late November 2023. The remainder of this paragraph is denied.

    i.     Denied. The November 21, 2023 email is a written document that speaks for itself and any characterization thereof by Plaintiff is denied.

11.    Denied. By way of further answer, in most PA Senate offices, the District Director is next in the chain of command below the Chief of Staff, and as such, in the absence of the Chief, would be considered the primary supervisor of employees outside of the PA Senate Member.

12.    Denied. This numbered paragraph contains a conclusion of law to which no response is required. To the extent that it may be deemed factual, it is denied.

13.    Admitted.

14.    Denied. By way of further answer, Plaintiff continuously sowed conflict in the office, was insubordinate, and undermined the authority of her supervisors and the PA Senate Member. As a result, Plaintiff's annual wage increase in November 2023 was deferred to allow her time to demonstrate improvement, which did not occur until after her transfer to Administrative Services. Plaintiff received her annual increase in July 2024.

15.    Denied. This numbered paragraph contains a conclusion of law to which no response is required. To the extent that it may be deemed factual, it is denied.

16.    Admitted in part; denied in part. It is admitted that Plaintiff sent a text message to the Senator on March 12, 2024. The March 12, 2024, text exchange is a written document that speaks for itself, and any characterization thereof by Plaintiff is denied.

- Admitted in part; denied in part. It is admitted that Plaintiff texted the Senator on March 12, 2024. The March 12, 2024, text exchange is a written document that speaks for itself, and any characterization thereof by Plaintiff is denied. After reasonable investigation, PA Senate is without sufficient information to form a belief as to the truth or veracity of the remaining allegations within this subparagraph [first bullet point]; therefore, the same are denied.

- After reasonable investigation, PA Senate is without sufficient information to form a belief as to the truth or veracity of the allegations contained within this subparagraph [second bullet point]; therefore, the same are denied.

- After reasonable investigation, PA Senate is without sufficient information to form a belief as to the truth or veracity of the allegations

contained within this subparagraph [third bullet point]; therefore, the same are denied.

- After reasonable investigation, PA Senate is without sufficient information to form a belief as to the truth or veracity of the allegations contained within this subparagraph [fourth bullet point]; therefore, the same are denied.

- After reasonable investigation, PA Senate is without sufficient information to form a belief as to the truth or veracity of the allegations contained within this subparagraph [fifth bullet point]; therefore, the same are denied.

- After reasonable investigation, PA Senate is without sufficient information to form a belief as to the truth or veracity of the allegations contained within this subparagraph [sixth bullet point]; therefore, the same are denied.

- After reasonable investigation, PA Senate is without sufficient information to form a belief as to the truth or veracity of the allegations contained within this subparagraph [seventh bullet point]; therefore, the same are denied.

- After reasonable investigation, PA Senate is without sufficient information to form a belief as to the truth or veracity of the allegations

contained within this subparagraph [eighth bullet point]; therefore, the same are denied.

- Admitted in part; denied in part. It is admitted only that Plaintiff was seated at the Senator's conference table. After reasonable investigation, PA Senate is without sufficient information to form a belief as to the truth or veracity of the remaining allegations contained within this subparagraph [ninth bullet point]; therefore, the same are denied.

- Admitted in part; denied in part. It is admitted that Plaintiff was seated at a side chair with the constituents at the Senator's conference table. After reasonable investigation, PA Senate is without sufficient information to form a belief as to the truth or veracity of the remaining allegations contained within this subparagraph [tenth bullet point]; therefore, the same are denied.

- Admitted in part; denied in part. It is admitted that the Senator said to the constituents "Let's go where we can find a place for all of us to sit." The remainder of this paragraph is denied. By way of further answer, there were no available seats remaining at the conference table for the Senator to join the constituents, and Plaintiff did not yield her seat to the Senator.

- Admitted upon information and belief.

- Admitted in part; denied in part. It is admitted that the Senator and constituents returned to his office. After reasonable investigation, PA Senate is without sufficient information to form a belief as to the truth or veracity of the remaining allegations contained within this subparagraph [thirteenth bullet point]; therefore, the same are denied.

- Admitted.

- After reasonable investigation, PA Senate is without sufficient information to form a belief as to the truth or veracity of the allegations contained within this subparagraph [fifteenth bullet point]; therefore, the same are denied.

- After reasonable investigation, PA Senate is without sufficient information to form a belief as to the truth or veracity of the allegations contained within this subparagraph [sixteenth bullet point]; therefore, the same are denied.

- After reasonable investigation, PA Senate is without sufficient information to form a belief as to the truth or veracity of the allegations contained within this subparagraph [seventeenth bullet point]; therefore, the same are denied.

- Denied as stated.

17.    Denied. By way of further answer, it is common practice within the PA Senate for staff to yield their seat to elected officials when meeting with constituents or other elected officials.

18.    Admitted in part; denied in part. It is admitted that Senator Mastriano holds a Ph.D. in History and speaks out against Anti-Semitism. The remainder of this paragraph is denied.

19.    Admitted in part; denied in part. It is admitted that Plaintiff contacted the Majority Staff Administrator on March 12, 2024. It is admitted that there is no human resources regulation regarding seating in a legislator's office. It is further admitted that Plaintiff was instructed to take March 13, 2024, off and that the Majority Staff Administrator would advise the Senator that Plaintiff took the day off and she would follow up with Plaintiff on March 14, 2024. The remainder of this paragraph is denied. By way of further answer, it is common practice for staff to yield their seat to elected officials when meeting with constituents or other elected officials.

20.    Denied as stated. By way of further answer, on March 14, 2024 Plaintiff agreed to a voluntary transfer to the Administrative Services Office as an Administrative Assistant effective March 15, 2024. When employees wish to remain employed by the Senate after a Member office assignment ends for any reason, the only options for immediate reassignment are to the Administrative Services Office

or Policy Development and Research Office; employees are only placed in other Member offices following a designated hiring process.

21.    Denied. To the contrary, Senator Mastriano informed his staff that Plaintiff no longer worked in his office.

22.    Denied.

23.    Admitted.

24.    Admitted in part; denied in part. It is admitted that Plaintiff applied for a posted executive assistant position in late March 2024. It is further admitted that another employee in the Administrative Services Office was hired but returned to the Administrative Services Office. It is admitted that a white female was hired for the position. The remainder of this numbered paragraph is denied. By way of further answer, Plaintiff's selection or non-selection is a result of the independent determinations of appropriate qualifications of potential hires by the hiring PA Senate Member's office

25.    Denied as stated.

26.    Admitted in part; denied in part. It is admitted that Plaintiff was assigned to a Senator for the week of May 6, 2024. The remainder of this numbered paragraph is denied. By way of further answer, the position was filled with the most qualified applicant. Upon information and belief, the Senator was aware of

Plaintiff's interest and made a decision to hire the successful candidate based on the Senator's experience working with both Plaintiff and the successful candidate.

27.    Admitted.

28.    Admitted.

29.    Denied as stated. By way of further answer, during the May 29, 2024 meeting, PA Senate confirmed that the investigation was closed; advised Plaintiff that the investigation report is confidential and subject to attorney client privilege; reinforced that it is customary for staff members to give their seats to Senators and other elected officials during meetings; advised Plaintiff that her salary, benefits and other terms of employment remain unchanged; and confirmed that Plaintiff is free to apply for vacant, available positions for which she is qualified.

30.    Denied. After reasonable investigation, PA Senate is without sufficient information to form a belief as to the truth or veracity of Plaintiff's allegations regarding "the co-worker" as she does not specify the employee to whom she refers; therefore, the same is denied. By way of further answer, Plaintiff's annual wage increase was deferred to allow her time to demonstrate improvement in her performance, which did not occur until after her transfer to Administrative Services.

31.    Admitted.

32.    Admitted.

33.    Admitted in part; denied in part. It is admitted that Plaintiff has applied, but not been hired, for Executive Assistant and Legislative positions since late March 2024 to November. The remainder of this paragraph is denied. Plaintiff's selection or non-selection is a result of the independent determinations of appropriate qualifications of potential hires by the hiring PA Senate Member's office.

34.    Admitted in part; denied in part. It is admitted that Plaintiff accepted a voluntary transfer to the Administrative Services Office on March 14, 2024, effective March 15, 2024. The remainder of this numbered paragraph is denied.

35.    Admitted in part; denied in part. It is admitted that Plaintiff has not earned a second interview for any positions for which she applied. It is further admitted that PA Senate employees are required to review Ethical Conduct Rules of the Senate and Workplace Harassment annually. The remainder of this numbered paragraph is denied. Plaintiff has been given the same opportunities and consideration to apply for open positions within the Republican Caucus as have all other interested employees. Plaintiff's selection or non-selection is a result of the independent determinations of appropriate qualifications of potential hires by the hiring PA Senate Member's office.

36.    Denied. This numbered paragraph contains conclusions of law to which no response is required. To the extent they may be deemed factual, they are denied.

37.    Denied. This numbered paragraph contains conclusions of law to which no response is required. To the extent they may be deemed factual, they are denied. It is specifically denied that the Plaintiff has suffered any harm due to the actions or inactions of the PA Senate.

38.    Admitted.

1. (Doc. 1, page 24 of 25)  Admitted in part; denied in part. It is admitted upon information and belief that Plaintiff, Felicia M. Wallace, is age 62 and an African American female. It is further admitted that Plaintiff is employed by the PA State Senate Republican Caucus and has filed the within complaint against the PA State Senate. PA Senate is without sufficient information to form a belief as to whether Plaintiff has a documented exemplary work history at the executive level over the span of her entire career of more than 30 years; therefore, the same is denied.

## IV.    Exhaustion of Federal Administrative Remedies

A.    Admitted.

B.    Admitted upon information and belief.

C.    [Blank] No response is required.

## V.    Relief Requested

This unnumbered paragraph contains a WHEREFORE clause with subparagraphs (a)-(e) to which no response is required. To the extent it may be

deemed factual, it is denied that Plaintiff is entitled to any relief or damages from the PA Senate.

**A Prayer for Relief- Plaintiff (Doc. 1-1, page 2 of 2)**

This document, titled A Prayer for Relief – Plaintiff, attached to the Civil Cover Sheet (Doc. 1-1) contains an unnumbered WHEREFORE clause with subparagraphs (a)-(e) to which no response is required.  To the extent it may be deemed factual, it is denied that Plaintiff is entitled to any relief or damages from the PA Senate.

## <u>AFFIRMATIVE DEFENSES</u>

1.    The Complaint fails in whole or in part, to state a claim upon which relief may be granted.

2.    The Complaint fails to state a cause of action under Title VII of the Civil Rights Act of 1964, as amended, or the Age Discrimination in Employment Act, as amended, entitling Plaintiff to any of the damages and relief sought therein.

3.    Plaintiff cannot prove that she suffered intentional discrimination because of her race, gender or age.

4.    Plaintiff cannot prove that she was subject to retaliation as a result of any protected activity.

5.      All employment decisions made, and actions taken, by PA Senate with respect to Plaintiff were made or taken for legitimate non-discriminatory, non-retaliatory reasons that were not pretextual.

6.      All employment decisions made, and actions taken, by PA Senate with respect to Plaintiff were made or taken in good faith.

7.      Assuming arguendo, any unlawful acts occurred, though they did not, the claims for punitive damages, if any, are barred because PA Senate was not reckless in hiring anyone who allegedly committed discriminatory acts.

8.      Plaintiff's claims are barred, in whole or in part, because her damages, if any, were cause by her own acts or omissions.

9.      Plaintiff has failed to exhaust her administrative remedies with respect to all or some of her claims.

10.     Plaintiff's claims for damages may be subject to the caps, offsets, limitations and/or reductions under applicable law.

11.     PA Senate reserves the right to assert additional defenses that may appear and prove applicable during the course of this litigation.

12.     Plaintiff has failed to mitigate her damages, if any.

Wherefore, Defendant, Pennsylvania State Senate, respectfully requests that this Court enter judgment against Plaintiff and in its favor on all counts of the Complaint and award Defendant, Pennsylvania State Senate, attorneys' fees and

expenses incurred in defending this action, as well as such further relief as is just and proper.

Respectfully submitted,

**McNEES WALLACE & NURICK LLC**

Date:  March 3, 2025          By:      */s/M. Abbegael Giunta*
                                       M. Abbegael Giunta
                                       PA I.D. No. 94059
                                       Adam L. Santucci
                                       PA I.D. No. 307058
                                       100 Pine Street, P.O. Box 1166
                                       Harrisburg, PA 17108-1166
                                       Phone: (717) 232-8000
                                       agiunta@mcneeslaw.com
                                       asantucci@mcneeslaw.com

                                       *Attorneys for Defendant, Pennsylvania*
                                       *State Senate*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this date, I served the foregoing document by Notice of Docket Activity sent automatically by CM/ECF upon counsel who are registered as CM/ECF filing users who have consented to accepting electronic service through CM/ECF.


Date:  March 3, 2025                    */s/M. Abbegael Giunta*
                                        M. Abbegael Giunta
                                        PA I.D. No. 94059